Tbe opinion of tbe Court was delivered by
Glover, J.
If tbe words charged in either of these counts be actionable without proof of special damage, it must be because they impute to tbe plaintiff a crime involving moral turpitude, or subject him to infamous punishment.
In, support of tbe counts which allege tbe publication of words charging tbe intemperate use of spirituous liquors, we have been referred to statutes passed very soon after tbe establishment of tbe proprietary government. Tbe only Acts that provide for tbe suppression and punishment of drunkenness are those of 1682 and 1691. Tbe title alone of tbe former has been preserved by Chief Justice Trott, (Trott’s Laws of S. C., p. 1, No. 2 ; 2 St. p. Y,) and having expired by its own limitation like many temporary laws of that period, it was revived in 1685; (Trott’s Laws of S. C., p. 7, No. 28; 2 St. 13,) but as early as 1736, it was considered inoperative and was then, with several others, declared obsolete. We are not otherwise informed, except by tbe title of this Act, what provisions were made “ for tbe suppression of idle, drunken and *131 swearing persons,” and we will not presume from tbe title alone that such an Act is of force and that offenders under it are liable to indictment and punishment.
The Act of 1691 (2 Stat. 68,) “ for the better observance of the Lord’s Day, commonly called Sunday,” provides, that “ whereas the odious, and loathsome sin of drunkenness hath of late grown into common use within this Province, being the root and foundation of many other enormous sins. Be it therefore enactedj that all and every person and persons that shall after the ratification of this Act be drunk, shall forfeit the sum of five shillings for every sirch offence.” It is also provided, that on conviction before a justice of the peace, he shall issue Ms warrant and levy the forfeiture by way of distress or sale of the goods of the offender; and in default of such distress, &c., that then the party offending do sit publicly in the stocks for the space of two hours.
If the loathsome sin of drunkenness does not involve moral turpitude, it must be conceded that the punishment is infamous, and that to charge one with an offence punishable publicly by the stocks would be defamatory.
Many reasons, however, are suggested which satisfy the court that this Act is not now of force. Trott, C. J., in his compilation of the Laws of S. C., in 1736, declares that it was then obsolete; and neither Judge Grimke nor Dr. Cooper, who have generally adopted his classification at this early period of our judicial history, regard any of the colonial statutes of force prior to 1694. We would hesitate, even with some authority to sustain us, before we declared an Act found on our statute book obsolete from desuetude. But when that declaration has been made more than a century by an eminent jurist and the earliest compiler of our statute law, we may safely adopt his conclusion, especially in reference to the provisions of an Act so inapplicable at the present day. The Act is not only inoperative from non-user, but the offender could not now be punished in the manner provided. The crim *132 inal jurisdiction of magistrates is limited to tbe trial of slaves and free persons of color, and under our present constitution and laws be is clotbed witb no power to try a free white man for crimes punished publicly by the stocks.
The aid of such a statutory provision, if inoperative, would long since have been invoked by the zealous and active friends of temperance who have been so laudably engaged in the suppression of the “odious and loathsome sin of drunkenness.”
We are, therefore, of opinion, that drunkenness is not a crime indictable in the temporal courts of this State, and, consequently, that the plaintiff cannot recover on the second and seventh counts.
He has with more confidence relied upon the defamatory import of the words alleged in the first and sixth counts, which charge, that he burnt, destroyed and suppressed the will of David Myers. Admitting that such a charge is scandalous, it must also be shown, that to burn, destroy and suppress a will is an indictable offence. No case can be found in which it has been so held by the common law. To accuse another of having secreted a will for the purpose of defrauding his relations, is mentioned by Mr. Starkie in that class of accusations which impute a breach of morality, and of which the law does not take cognizance. (1 Stark, on Sian. 22.)
It has been contended in argument, that as a conspiracy to destroy a will with an intent to defeat the devises is an indictable offence, it follows that to destroy a will with the like intent is also indictable. The principle decided in the case of the State vs. Dewitt & Watts, (2 Hill, 282,) does not warrant such a conclusion. This, like the case of R. vs. McDaniel, (1 Leach, 45,) rests for support on the ground, that such conspiracies tend to obstruct the course of justice. Two or more may conspire to commit, not only felonies and misdemeanors, but also to do an act the commission of which by an individual would' not be indictable. A combination to seduce a *133 young woman, and. even a concerted disapprobation of a performer, or piece, at a theatre, are cases in which the object may not be the ground of an indictment. The offence consists in the illegal means employed to accomplish an object which, in itself, would not be indictable.
By the common law, larceny could not be committed of written instruments, whether they related to the realty or concerned choses inaction, and to remedy this defect, the statute 7 & 8 Creo. IV. c. 29, was passed, which, by the 22d sec. enacts, that if any person shall steal, or, for any fraudulent purpose, shall destroy or conceal any will, codicil or other testamentary instrument, &e., every such offender shall be guilty of a misdemeanor, &c. (2 Buss, on Crimes, 142.)
The only changes of the common law in our. legislation will be found in the Acts of 1789, (5 Stat. 508,) and 1839, (11 Stat. 48.) As the latter Act embraces substantially all the provisions of the former, and enlarges the remedy, it is only necessary to ascertain if the 16th sec. of the Act of 1839 punishes by indictment any person who shall burn, destroy, or suppress a last will and testament. This section is in the following words: 11 If any person, having in possession the will of a deceased person, shall neglect to produce the same to be proved, the Ordinary in whose office such will ought to be proved shall have power to issue against him process as for a contempt, and to imprison him until the will be delivered up; and, upon his continued refusal, he shall be liable to indictment, and upon conviction shall be punished as for a high misdemeanor.”
The manifest object of these enactments is to compel the production of wills for probate, and large powers are conferred upon the Ordinary for that purpose. It is not declared to be a misdemeanor to biirn, destroy and suppress a will, which are the words alleged in the first count of the indictment; but it is upon the continued refusal of any person *134 having the possession of a will, to produce it, after citation, that be is liable to indictment.
The offence, under the Stat. of Geo. IY. consists in stealing, destroying and concealing a will, whereas the liability to indictment for a high misdemeanor under the Act of 1839, is upon the continued refusal to produce it for probate. (State vs. Pace, 9 Rich. 355.) A power to imprison is conferred upon the Ordinary, to purge the contempt in neglecting to produce the will, and is no part of the punishment which would follow a conviction for a continued refusal to produce it, and in which alone consists the misdemeanor.
In none of the words in these several counts do we perceive any offence charged which is punished in a temporal court of criminal jurisdiction and which is per se actionable.
This conclusion renders it unnecessary to consider the motion to reverse the decision of the presiding Judge on the several other points made on circuit and renewed in this Court.
The motion to set aside the non-suit is, therefore, dismissed.
O’Neall, WITHERS, Whither, and Moteo, JJ., concurred.

Motion dismissed.